UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAND NAYAK and VINOD KHATRI,<br>Plaintiffs,<br>v.<br>JOSEPH B. EDLOW,<br>Defendant. | Case No. 26-cv-01169-EMC<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 33 |

On August 28, 2026, the Court granted Defendant Joseph B. Edlow's motion to dismiss and dismissed Plaintiffs Anand Nayak, Vinod Khatri, and Pratik Sureshbhai Patel's first amended complaint ("FAC") without prejudice. Dkt. 32. The Court held that FAC did not plausibly allege unreasonable delay in processing Plaintiffs' EB-5 immigration investor program applications under the six-factor test from *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). Dkt. 32.

Two of the three original plaintiffs, Anand Nayak and Vinod Khatri, now seek reconsideration. Dkt. 33. They contend that the Court "failed to consider relevant precedent via the *TRAC* factor analysis" and that there are "new facts occurring in this case" that warrant reconsideration. Dkt. 33 at 2–3.

A motion for leave to file a motion for reconsideration must show one of the following: "1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A

United States District Court
Northern District of California

manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9.

Plaintiffs fail to satisfy the requirements for filing a motion for reconsideration. They have not identified any "new material facts" that were not available when the Court filed its August 2026 order. *Id.* Nor has there been a "manifest failure" by the Court to consider material facts or Plaintiffs' dispositive legal arguments. *Id.* Mere disagreement as to how to interpret the law does not meet the standard for reconsideration. *See Sw. Reg'l Council of Carpenters v. McCarron*, 2015 WL 13723900, at *3 (C.D. Cal. May 6, 2015) ("The fact that the Court's interpretation . . . differs from McCarron's preferred interpretation is not a 'manifest showing' of the Court's failure to consider material facts.").

First, Plaintiffs submit the declaration of Mr. Abhinav Lohia as new evidence of out-of-order adjudications by the United States Customs and Immigration Services ("USCIS"). Mr. Lohia now states in this declaration that there are eleven people who filed their applications *after* Mr. Khatri, and whose petitions have already been adjudicated by USCIS. Dkt. 33-1 at 2. He also notes two people who filed their applications after Mr. Nayak, whose petitions were adjudicated on September 16, 2025, and February 4, 2026. Dkt. 33-1 at 3.

Plaintiffs claim that these "new facts" show that USCIS "leapfrogged" Mr. Khatri and Mr. Nayak. Dkt. 33 at 7. But Plaintiffs have not demonstrated the emergence of "new facts" occurring *after* this Court's August 2026 order. L.R. 7-9. Nor have Plaintiffs claimed that these facts were not discoverable or obtainable until after this Court's August 2026 order. *See* Dkt. 33 at 5–6 (offering no details as to why this declaration has only now been submitted, or when this information regarding other adjudications became available to Mr. Lohias). The declaration's only temporal reference is to other applications adjudicated well-prior to this Court's August 28, 2026, order. Dkt. 33-1 at 3 ("These . . . petitions [adjudicated before Plaintiffs' applications]. . . were adjudicated on September 16, 2025, and February 4, 2026[.]"). This evidence does not meet the standard for reconsideration, and the Court thus declines to consider it. L.R. 7-9; *see Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 607 (9th Cir. 1985) (affirming denial of a motion for reconsideration based upon "newly discovered evidence" where the plaintiff

admitted that the "sworn declarations" they submitted were "available at the time of the original summary judgment hearing").

Second, Plaintiffs also submit a now-deleted Department of Homeland Security ("DHS") tweet, posted after this Court's order, as proof of new facts suggesting anti-South Asian animus. This new evidence, Plaintiffs say, shows the application delays were due to agency impropriety, and the Court should have weighed *TRAC* Factor Six in favor of Plaintiffs. *See* Dkt. 33-2 at 2.

The tweet is a new fact in that DHS posted it on September 9, 2026, a few weeks after this Court's order. *See id.* But despite the overtly racist content of this tweet, this new evidence is not sufficiently material. L.R. 7-9. It fails to establish bad faith under Factor Six because it does not adequately allege causation with respect to the action contested herein. There is no showing that DHS' anti-South Asian animus affected USCIS, a component agency of DHS, and its conduct with respect to the delayed adjudications herein. For instance, Plaintiffs do not allege any facts that suggest USCIS delayed adjudicating their applications in favor of applications from non-South Asians, or disproportionately delayed adjudicating applications from South Asians.

Thus, based on the foregoing, Plaintiffs have not identified new material facts that warrant reconsideration.

Plaintiffs also seek reconsideration of the Court's legal conclusions as to the first *TRAC* factor's reasonable delay inquiry. In particular, Plaintiffs argue that the Court erred in its analysis of the first *TRAC* factor because it did not apply *Vaz v. Neal*'s unreasonable delay standard, and, according to Plaintiffs, the Court drew a bright-line rule for unreasonable delays instead of conducting the fact-intensive inquiry required by the Administrative Procedure Act. Dkt. 33 at 4–5.

As a threshold matter, Plaintiffs do not argue in their reconsideration motion the Court's "manifest failure" to consider Plaintiffs' dispositive arguments regarding unreasonable delay. *See* L.R. 7-9; Dkt. 33. Also, notably, Plaintiffs' opposition brief before this Court did not rely on *Vaz*, instead relying on other precedent to argue that the delay was unreasonable under *TRAC* Factor One. *See* Dkt. 23 at 24–25. Thus, absent a showing of a failure to consider Plaintiff's legal arguments, particularly where the Plaintiffs did not raise its *Vaz* interpretation in its briefing on the

motion to dismiss, this Court declines to reconsider its order. In any event, the Court did not draw a dispositive bright line with respect to the length of delay; it simply afforded it substantial weight.

Plaintiffs' motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 23, 2026

EDWARD M. CHEN
United States District Judge